# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                 No. 16-CV-00736-RB-SMV
                                 No. 09-CR-02968-RB

DANIEL RAMON MUÑOZ,

     Defendant.

### ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY HIS § 2255 MOTION SHOULD NOT BE DISMISSED IN LIGHT OF *MALDONADO-PALMA* AND HOLDING THE UNITED STATES' MOTION TO STAY IN ABEYANCE

This matter is before the Court, *sua sponte* under rule 4(b) of the Rules Governing Section 2255 Proceedings For the United States District Courts, on Defendant Daniel Ramon Muñoz's Motion To Correct Sentence Pursuant to 28 U.S.C. § 2255 [CV Doc. 1; CR Doc. 531], which seeks to vacate the enhancement of Defendant's sentence under the career-offender provision of the United States Sentencing Guidelines (U.S.S.G.), § 4B1.1, because Defendant's prior conviction of aggravated assault with a deadly weapon in violation of N.M.S.A. § 30-3-2(A) is not a "crime of violence" under the elements clause of U.S.S.G. § 4B1.2(a)(1) and, therefore, the sentencing enhancement is unconstitutional pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015). Also before the Court is the United States' Motion For Stay Pending the Supreme Court's Decision in *Beckles v. United States* [CV Doc. 5; CR Doc. 537], which seeks to stay the

proceedings in the present case pending the United States Supreme Court's determination in *Beckles*: "(1) whether the holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015), applies to the residual clause of USSG § 4B1.2; and (2) if so, whether *Johnson* applies retroactively to Sentencing Guidelines cases on collateral review in which the sentence was enhanced by the residual clause in § 4B1.2."   After the filing of Defendant's § 2255 motion and the Government's motion to stay, the United States Court of Appeals for the Tenth Circuit issued its opinion in *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016), holding that "aggravated assault with a deadly weapon under N.M. Stat. Ann. § 30-3-2(A) is categorically a crime of violence under the elements clause."   In light of *Maldonado-Palma*, the Court will order Defendant to show cause why his § 2255 motion should not be dismissed.   Additionally, the Court will hold the United States' motion to stay in abeyance, pending resolution of the issue of whether Defendant's § 2255 motion should be dismissed in light of *Maldonado-Palma*.

On July 22, 2010, Defendant was charged in a Third Superseding Indictment with: Count 1—conspiracy to possess, with intent to distribute, 50 grams and more of methamphetamine, contrary to 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846; Count 2—possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; Count 3— possession with intent to distribute 50 grams and more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2; Count 8—attempted escape in violation of 18 U.S.C. § 751(a).   [CR Doc. 233]   The United States informed Defendant, pursuant to 21 U.S.C. § 851, that it intended to request an enhancement under 21 U.S.C. § 841 based on two prior felony drug offenses.   [CR Docs. 140,

153]   Defendant entered into a plea agreement, whereby he agreed to plead guilty to Counts 1 and 8 of the Third Superseding Indictment, stipulate that he was responsible for 394 kilograms of methamphetamine (actual), and stipulate that he was a leader or organizer in the criminal activity pursuant to U.S.S.G. § 3B1.1.   [CR Doc. 300]

The Probation Office prepared a Presentence Investigation Report (PSR), which calculated the base offense level for conspiracy to distribute 394 grams of methamphetamine to be 34.   [PSR at 15]   The PSR added a two-point enhancement pursuant to U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine and Defendant did not have a mitigating role in the offense.   [PSR at 15]   The PSR also added a four-point enhancement under U.S.S.G. § 3B1.1(c), because Defendant was an organizer/leader of the drug smuggling scheme, resulting in an adjusted offense level of 40.   [PSR at 16]   The adjusted offense level was decreased by three points for acceptance of responsibility under U.S.S.G. § 3E1.1, resulting in a total offense level of 37.   [PSR at 17]   Defendant's criminal history placed him in category V, but because Defendant met the criteria for a career offender under U.S.S.G. § 4B1.1, his criminal history category was increased to VI.   [PSR at 21]   A total offense level of 37 and a criminal history category of VI resulted in a guideline imprisonment range of 360 months to life.   [PSR at 28]

On January 13, 2012, the Court accepted Defendant's guilty plea, accepted the plea agreement, adopted the findings in the PSR, and sentenced Defendant to a term of 480 months of imprisonment on Count 1 and a term of 60 months of imprisonment on count 8, said terms to run

concurrently, for a total term of 480 months of imprisonment.[1]   [CR Docs. 399, 403] Additionally, the Court imposed ten years of supervised release on Count 1 and two years of supervised release on Count 8, said terms to run concurrently, for a total term of ten years of supervised release.   [CR Docs. 399, 403]   The Court rendered judgment on Defendant's conviction and sentence on January 18, 2012.   [CR Doc. 403]

On January 17, 2013, Defendant filed a Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, or Correct Sentence By A Person In Federal Custody alleging ineffective assistance of counsel and an unlawful delay in sentencing.   [CR Doc. 439]   Defendant's § 2255 motion was dismissed with prejudice on January 14, 2014.   [CR Doc. 489]

On June 27, 2016, Defendant filed the present § 2255 motion, seeking sentencing relief pursuant to *Johnson*.   [Doc. 1; CR Doc. 531]   Additionally, Defendant filed a motion in the United States Court of Appeals for the Tenth Circuit, seeking permission to file a second or successive § 2255 motion.   [CR Doc. 531]   *See* § 2255(h).   On August 1, 2016, the United States Court of Appeals for the Tenth Circuit granted Defendant's motion for permission and authorized this Court to consider Defendant's § 2255 motion.   [CR Doc. 536]   On August 3, 2016, the United States filed its Motion For Stay Pending the Supreme Court's Decision in *Beckles v. United States* [CV Doc. 5; CR Doc. 537].

After the filing of Defendant's § 2255 motion and the United States' motion for stay, the United States Court of Appeals for the Tenth Circuit issued its opinion in *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016).   In that case, Mr. Maldonado-Palma objected

---

[1]   On November 14, 2016 Defendant's sentence was reduced to 360 months of imprisonment under 18 U.S.C. § 3582(c)(2).   [CR Doc. 561]

to the enhancement of his sentence for a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii), contending that aggravated assault in violation of N.M. Stat. Ann. § 30-3-2(A) is not a "crime of violence." The "elements clause" of U.S.S.G. § 2L1.2(b)(1) defines a "crime of violence" as "any other offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2 cmt. n.1 (B)(iii). To determine whether aggravated assault in violation of N.M. Stat. Ann. § 30-3-2(A) constitutes a "crime of violence" under the elements clause, the Court applied "the categorical approach and examine[d] only the elements of the offense, without regard to Mr. Maldonado's specific conduct." *Maldonado-Palma*, 839 F.3d at 1248. The Court noted that the "key element of aggravated assault under N.M. Stat. Ann. § 30-3-2(A)" is "that the assault is committed with a deadly weapon." *Id.* at 1249. The Court further noted that, to be convicted of aggravated assault under New Mexico law, "the perpetrator . . . must employ the deadly weapon in committing the assault" and a deadly weapon is defined as "'any firearm . . . ; or any weapon which is capable of producing death or great bodily harm . . .; or any other weapons with which dangers wounds can be inflicted.'" *Id.* at 1250 (quoting N.M. Stat. Ann. § 30-1-12(B)). The Court determined that "[e]mploying a weapon that is capable of producing death or great bodily harm or inflicting dangerous wounds in an assault necessarily threatens the use of physical force i.e., 'force capable of causing physical pain or injury to another person.'" *Id.* at 1250 (quoting *Johnson v. United States*, 559 U.S. 133, 140 (2010)). Therefore, the Court "conclude[d] that aggravated assault with

a deadly weapon under N.M. Stat. Ann. § 30-3-2(A) is categorically a crime of violence under U.S.S.G. § 2L1.2." [2]   *Id.*

Like Mr. Maldonado-Palma, Defendant's sentence was enhanced under the U.S.S.G. on the basis of a conviction for aggravated assault under N.M. Stat. Ann. § 30-3-2(A).   Although Mr. Maldonado-Palma's sentence was enhanced for a "crime of violence" under U.S.S.G. § 2L1.2, and Defendant's sentence was enhanced for a "crime of violence" under U.S.S.G. § 4B1.1(a), the "elements clauses" of the two provisions are identical.   *Compare* U.S.S.G. § 2L1.2 cmt. n.1, *with* U.S.S.G. 4B1.2(a)(1).   Therefore, the Court will order Defendant to show cause in writing no later than February 21, 2017, why his § 2255 motion should not be dismissed in light of *Maldonado-Palma*.   The United States will be permitted, but not required, to file a response within 30 days of the submission of Defendant's brief.   The Defendant will be permitted, but not required, to file a reply within 14 days of the submission of the United States' response.   Given that the resolution of this issue may be determinative of Defendant's § 2255 motion, the Court will hold the United States' motion for stay in abeyance.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that **no later than February 21, 2017**, Defendant show cause in writing why his § 2255 motion should not be dismissed in light of *United States v. Maldonado-Palma*, 839 F.3d 1244, 1250 (10th Cir. 2016);

---

[2]   In arriving at its conclusion, the Court expressly declined to follow the Sixth Circuit's decision in *United States v. Rede-Mendez*, 680 F.3d 552, 560 (6th Cir. 2012), because in that case the Sixth Circuit "did not consider the import of New Mexico's requirement that the deadly weapon be actively employed in committing the assault." *Maldonado-Palma*, 839 F.3d at 1250, n.9.

**IT IS FURTHER ORDERED** that the United States is permitted, but not required, to file a response within 30 days of the submission of Defendant's brief and the Defendant is permitted, but not required, to file a reply within 14 days of the submission of the United States' response;

**IT IS FURTHER ORDERED** that United States' Motion For Stay Pending the Supreme Court's Decision in *Beckles v. United States* [CV Doc. 5; CR Doc. 537] is **HELD IN ABEYANCE** pending resolution of the issue of whether Defendant's § 2255 motion should be dismissed in light of *Maldonado-Palma*.

**IT IS SO ORDERED.**

_____

**STEPHAN M. VIDMAR**
**UNITED STATES MAGISTRATE JUDGE**