IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

vs.                                            No. CV 16-00736 RB/SMV
                                                  No. CR 09-02968 RB

DANIEL RAMON MUÑOZ,

    Defendant/Movant.

**MEMORANDUM OPINION AND ORDER OF DISMISSAL OF
MOTION TO CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

**THIS MATTER** is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings on the Motion to Correct Sentence Under 28 U.S.C. § 2255 filed by Defendant/Movant, Daniel Ramon Muñoz. (CV Doc. 1; CR Doc. 531). In his § 2255 Motion, Movant claims that he improperly received an enhanced sentence as a career offender under the United States Sentencing Guidelines because the residual clause of U.S.S.G. § 4B1.2 is unconstitutionally vague under the reasoning in *Johnson v. United States,* 576 U.S. ___, 135 S.Ct. 2551 (2015). (CV Doc. 1; CR Doc. 135). He contends that his prior conviction for aggravated assault with a deadly weapon is no longer a "crime of violence" as defined in § 4B1.2.

In *United States v. Maldonado-Palma,* 839 F.3d 1244 (10th Cir. 2016), the Tenth Circuit held that aggravated assault with a deadly weapon is a "crime of violence" without resort to the residual clause language of U.S.S.G. § 4B1.2. On January 19, 2017, the Court issued an Order to Show Cause, directing Movant Muñoz to show cause why his § 2255 Motion should not be

1

dismissed in light of the Tenth Circuit's ruling in *Maldonado-Palma*. (CV Doc. 7; CR Doc. 574). Movant responded to the Order to Show Cause on February 21, 2017, conceding that *Maldonado*-Palma would be dispositive of the aggravated assault with a deadly weapon issue, but arguing that the case should not be dismissed because a petition for writ of certiorari was pending before the U.S. Supreme Court in *Maldonado-Palma.* Movant also noted that *Beckles v. United States* was pending in the Supreme Court and could impact the issues raised in this case. (CV Doc. 8; CR Doc. 578).

In *Beckles v. United States,* 580 U.S. ___, No. 15-8544, slip op (March 6, 2017), the Supreme Court held that the United States Sentencing Guidelines are not subject to a void-for-vagueness challenge. 580 U.S. ___, No. 15-8544, slip op at 5. The Court then ordered the parties to file a joint statement addressing whether the ruling in *Beckles* is dispositive of all remaining issues raised in Movant's § 2255 Motion. (CV Doc. 9; CR Doc. 582). On March 28, 2017, the United States filed a Notice in response to the Court's Order. (CV Doc. 10; CR Doc. 584). The Notice indicates that the United States submitted a draft joint statement to Movant's counsel on March 14, 2017, but has been unable to obtain counsel's position. The Notice also establishes that certiorari has been denied by the Supreme Court in *Maldonado-Palma.* (CV Doc. 10, Exhibit 1; CR Doc. 584, Exhibit 1). The United States requests dismissal of Movant's § 2255 Motion on the grounds that *Beckles* is dispositive of all remaining issues in the case. (CV Doc. 10; CR Doc. 584).

Based on the Tenth Circuit's ruling in *Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016) and the Supreme Court's ruling in *Beckles,* 580 U.S. ___, No. 15-8544, slip op (March 6, 2017), Movant Muñoz is clearly not entitled to relief on his § 2255 Motion. The Motion will be dismissed with prejudice under Rule 4 of the Rules Governing Section 2255 Proceedings. The

Court further determines, *sua sponte* under rule 11(a) of the Rules Governing Section 2255 Cases, that Muñoz has failed to make a substantial showing that he has been denied a constitutional right and the Court will deny a certificate of appealability.

  **IT IS ORDERED** that the Motion to Correct Sentence Under 28 U.S.C. § 2255 filed by Defendant/Movant, Daniel Ramon Muñoz (CV Doc. 1; CR Doc. 531) is **DISMISSED** with prejudice under Rule 4 of the Rules Governing Section 2255 Proceedings and a certificate of appealability is **DENIED.**

                _____
                UNITED STATES DISTRICT JUDGE