IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.            No. CR 09-2968 RB

DANIEL RAMON MUÑOZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Muñoz's Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3553(a). (Doc. 611.) Having reviewed the Motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.  Background**

On August 30, 2010, Muñoz pled guilty to Counts 1 and 8 of the Third Superseding Indictment charging (1) that he conspired to possess with the intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (2) that he knowingly attempted to escape from custody in violation of 18 U.S.C. § 751(a). (*See* Docs. 233 at 2, 4–5; 301.) The Court sentenced Muñoz to 480 months imprisonment. (Doc. 400.)

Muñoz did not appeal his sentence. He has, however, filed a motion to vacate the sentence pursuant to 28 U.S.C. § 2255, which the Court denied. (*See* Docs. 439; 488.) On December 21, 2015, he moved to amend his sentence pursuant to Amendment 782 to the United States Sentencing Guidelines. (Doc. 519.) The Court appointed counsel (*see* Docs. 520, 530) and granted the motion, reducing Muñoz's sentence to 360 months. (Doc. 561.) Muñoz, through counsel, also filed a second motion to vacate under § 2255 pursuant to *Johnson v. United States*, 135 S. Ct. 2551 (2015), which the Court dismissed. (Docs. 531; 585.)

1

On November 1, 2019, Muñoz filed a motion to reduce his sentence under Section 404 of the First Step Act. (Doc. 596.) The Court found that Section 404 is inapplicable to Muñoz's sentence and denied the motion. (Doc. 602.) On November 3, 2021, Muñoz filed a motion to reduce his sentence under 18 U.S.C. § 3582. (Doc. 603.) Because Muñoz failed to submit evidence to show he exhausted the applicable administrative procedures, the Court dismissed the motion with leave to refile. (Doc. 610.) Muñoz now files a third motion to reduce sentence. (Doc. 611.)

II.     Analysis

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Muñoz did not allege in his motion that he exhausted his administrative rights before filing his motion with the Court. (*See* Doc. 611.) The Government correctly notes that because Muñoz has not met his burden to show exhaustion, his motion must be dismissed without prejudice. (*See* Doc. 612 at 5.) Because Muñoz has not established that he exhausted his administrative remedies prior to filing his motion, the Court will dismiss the motion for lack of exhaustion.

**THEREFORE,**

**IT IS ORDERED** that Motion for Sentencing Reduction Pursuant to 18 U.S.C. § 3553(a) (Doc. 611) is **DISMISSED** without prejudice for failure to exhaust.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE