IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                 No. 2:09-cr-2968 RB

DANIEL RAMON MUÑOZ,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Defendant Daniel Ramon Muñoz's Motion for Sentence Reduction. (Doc. 621.) The Federal Public Defender reviewed Muñoz's motion and declined to file a motion on his behalf. (Doc. 625.) The United States contends Muñoz is ineligible for a reduction. (Doc. 623.) Having reviewed the parties' arguments, the record, and the applicable law, the Court finds Muñoz is ineligible for a sentence reduction. The Court will therefore **DISMISS** the motion.

**I.    Background**

On August 30, 2010, Muñoz pled guilty to Counts 1 and 8 of the Third Superseding Indictment charging (1) that he conspired to possess with the intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (2) that he knowingly attempted to escape from custody in violation of 18 U.S.C. § 751(a). (*See* Docs. 233 at 2, 4–5; 301.) The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 37. (Doc. 555-1 ¶ .) Muñoz's base offense level was 34, but he received a two-level increase under U.S.S.G. §2D1.1(b)(5) because the offense involved the importation of methamphetamine; a four-level increase under U.S.S.G. § 3B1.1(c) for aggravating role; and a three-level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility. (*Id.* ¶¶ 60–61, 64,

1

81.) Based on Muñoz's prior convictions, the USPO calculated a criminal history score of ten. (*Id.* ¶ 91.) Two additional points were added because he committed the "offense while under a criminal justice sentence" for a total criminal history score of 12, resulting in a criminal history category of V. (*Id.* ¶ 92.) Because Muñoz met the career offender criteria, however, his criminal history category became VI, resulting in a guideline sentencing range of 360 months to life. (*Id.* ¶¶ 80, 92, 126.)

On January 13, 2012, the Court sentenced Muñoz to 480 months of imprisonment. (Doc. 400.) His anticipated release date is November 18, 2035. *See* Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Oct. 2, 2024).

Since he was sentenced, Congress amended the Sentencing Guidelines (Amendment 821). *Compare* U.S. Sent'g Guidelines Manual § 4A1.1(d) (pre-amendment), *with* Sentencing Guidelines for United States Courts, 88 Fed. Reg. 28254-01, 2023 WL 3199918 (May 3, 2023) *and* §§ 4A1.1(e), 4C1.1(a). Amendment 821 applies retroactively. *See* § 1B1.10(a)(1), (d).

Muñoz, acting pro se, now asks the Court to reduce his sentence pursuant to Amendment 821. (Doc. 621.) The Federal Public Defender declined to file a motion on Muñoz's behalf, and the United States opposes the motion. (Docs. 623; 625.)

**II.     Legal Standards**

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 17 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560

U.S. 817, 826 (2010). "In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." § 1B1.10(b)(2)(C). In addition, except when the sentence was lower than the Guidelines range because the defendant provided substantial assistance to authorities, "the court shall not reduce the defendant's term of imprisonment . . . to a term that is less than the minimum of the amended" Guidelines range. § 1B1.10(b)(2)(A)–(B).

Amendment 821 may lower the Guidelines sentencing range applicable to certain defendants. Part A of Amendment 821 applies to sentencing for offenses committed "while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." § 4A1.1(e). Before Amendment 821, courts assessed two "status points" to the defendant's criminal history score for such crimes. *See United States v. McDonald*, No. CR 22-1317 JB, 2024 WL 2110525, at *8 (D.N.M. May 10, 2024). Part A of Amendment 821 reduced the number of status points added depending on the defendant's criminal history points. *See* 88 Fed. Reg. 28254-01, 2023 WL 3199918; § 4A1.1(e). In the case of a person who has seven or more criminal history points, the Court may reduce the status points to one, instead of two. § 4A1.1(e). Where a person has six or fewer criminal history points, the Court may reduce the status points to zero. *Id.*

Additionally, Part B provides that courts sentencing offenders who have zero criminal history points ("zero-point offenders") may reduce the offense level by two if the defendants meet specified criteria. § 4C1.1(a); U.S. Sent'g Guidelines Manual app. C Supp. (U.S. Sent'g Comm'n 2023).

In determining whether to reduce a sentence under Amendment 821, the Court must first determine whether the defendant is eligible for a reduction by determining whether the Guidelines range calculated under Amendment 821 is lower than the Guidelines range on which the

3

defendant's sentence was based. *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017); § 1B1.10(b)(1). If not, a defendant is not eligible for a reduction and the Court "lacks jurisdiction over the defendant's motion and the motion must be dismissed." *C.D.*, 848 F.3d at 1289; *see also United States v. Munoz*, 682 F. App'x 635, 636 (10th Cir. 2017) (same); *United States v. Warren*, 22 F.4th 917, 926 n.6 (10th Cir. 2022) (noting that, while eligibility for a sentence reduction under § 3582 is a jurisdictional question under Tenth Circuit precedent, that precedent may "need to be revisited").

If the defendant is eligible for a sentence reduction, the Court must then consider whether the defendant has shown "a sentence reduction is consistent with the Commission's policy statements" and entitlement to "relief in light of the applicable sentencing factors found in" § 3553(a). *C.D.*, 848 F.3d at 1289–90; *see also* § 1B1.10(a)(1), § 3582(c)(2). The fact that a court considered the § 3553(a) factors in the initial sentencing does not preclude a court from considering them in the context of a sentence reduction motion. *Osborn*, 679 F.3d at 1196. In addition to the § 3553(a) factors, courts may consider "post-sentencing conduct," § 1B1.10, app. n.1(B)(iii), and "the benefits the defendant gained by entering a Type-C [plea] agreement when it decides whether a reduction is appropriate . . . ." *Hughes v. United States*, 584 U.S. 675, 689 (2018); *see also Osborn*, 679 F.3d at 1195.

### III.   Discussion

Muñoz is not eligible for a sentence reduction. First, it is true that two status points were added under § 4A1.1(d). (*See* 555-1 ¶ 91.) Because Muñoz is a career offender, however, he was not sentenced under § 4A1.1, but under § 4B1.1. (*See id.* ¶ 80; *see also* Doc. 447 at 47–48.) *See*

U.S.S.G. 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be a Category VI."). Thus, his guideline range does not change.[1]

Second, given that Muñoz was assessed 12 criminal history points, he is not eligible for the retroactive zero-point offender adjustment under Part B of Amendment 821. (*See* Doc. 555-1 ¶ 92.)

The Court finds Muñoz is not eligible for a sentence reduction under Part A or Part B of Amendment 821. The Court therefore lacks jurisdiction over his motion.

**IT IS THEREFORE ORDERED** that Muñoz's Motion for Sentence Reduction (Doc. 621) is **DISMISSED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[1] The United States asserts that Muñoz had a criminal history of V and a guideline range of 324 to 405 months. (*See* Doc. 623 at 4.) It cites "PSR at ¶ 63," yet that paragraph in Muñoz's PSR correlates to a victim related adjustment. (*See* Doc. 555-1 ¶ 63.) As outlined above, Muñoz had a criminal history category of VI due to his career offender status with a sentencing guideline range of 360 months to life. (*See id.* ¶¶ 80, 92, 126.) The Court suspects the United States may have referenced the incorrect PSR. Should the United States have access to an updated PSR that is not docketed on CM/ECF, it should file a notice to that effect no later than seven days following entry of this Opinion.