**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

     Plaintiff,

v.                                     No. 2:09-cr-2968 RB

DANIEL RAMON MUÑOZ,

     Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Defendant Daniel Ramon Muñoz's Motion for

Sentence Reduction, which the Court construes as a motion to reconsider. (Doc. 628.) Having

reviewed the parties' arguments, the record, and the applicable law, the Court will **DENY** the

motion.

**I.**    **Background**

On August 30, 2010, Muñoz pled guilty to Counts 1 and 8 of the Third Superseding

Indictment charging (1) that he conspired to possess with the intent to distribute 50 grams and

more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (2) that he knowingly

attempted to escape from custody in violation of 18 U.S.C. § 751(a). (*See* Docs. 233 at 2, 4–5;

301.) The United States Probation Office (USPO) provided a presentence report and computed a

total offense level of 37. (Doc. 555-1 ¶ 126.) Muñoz's base offense level was 34, but he received

a two-level increase under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation

of methamphetamine; a four-level increase under U.S.S.G. § 3B1.1(c) for aggravating role; and a

three-level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility. (*Id.* ¶¶ 60–61, 64,

81.) Based on Muñoz's prior convictions, the USPO calculated a criminal history score of ten. (*Id.*

¶ 91.) Two additional points were added because he committed the "offense while under a criminal

1

justice sentence" for a total criminal history score of 12, resulting in a criminal history category of V. (*Id.* ¶ 92.) Because Muñoz met the career offender criteria, however, his criminal history category became VI, resulting in a guideline sentencing range of 360 months to life. (*Id.* ¶¶ 80, 92, 126.) On January 13, 2012, the Court sentenced Muñoz to 480 months of imprisonment. (Doc. 400.)

On November 14, 2016, the Court granted Muñoz's counseled Motion to Reduce Sentence pursuant to § 3582(c) and U.S.S.G. § 1B1.10, because Muñoz was "sentenced to a term of imprisonment based on a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission . . . ." (*See* Docs. 530 at 2; 561.) Muñoz's total offense level was lowered by two levels from 37 (*see* Doc. 555-1 ¶ 126) to 35 (*see* Doc. 530 at 2), but his criminal history category remained at VI because he is a career offender (*see* Doc. 555-1 ¶ 92).[1] Thus, his guideline sentencing range became 292–365 months, and the Court sentenced him to 360 months. (*See* Doc. 561.)

On May 24, 2024, Muñoz filed a pro se motion to reduce his sentence pursuant to Amendment 821. (Doc. 621.) The Federal Public Defender declined to file a motion on his behalf. (Doc. 625.) The Court denied the motion on October 7, 2024. (Doc. 626.) Muñoz now moves the Court to reconsider its decision. (Doc. 628.) The Government opposes the motion. (Doc. 630.)

## II.    Legal Standards

### A.  Motions to Reconsider

"Motions to reconsider are proper in criminal cases even though the Federal Rules of Criminal Procedure do not specifically provide for them." *United States v. Christy*, 739 F.3d 534,

---

[1] Muñoz's attorney stated in the motion that he had a criminal history category of V. (*See* Doc. 530 at 2.) The attorney acknowledged, though, that this statement was based on a challenge to the finding that Muñoz is a career offender asserted in another motion filed under 28 U.S.C. § 2255 raising a *Johnson* claim. (*See id.* at 2 n.1; *see also* Doc. 531.) The Court later dismissed that motion to vacate. (*See* Doc. 585.) Muñoz remains a career offender.

539 (10th Cir. 2014) (citations omitted). "A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law." *Id.* (citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000)). "Specific grounds include: '(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.'" *Id.* (quoting *Servants of Paraclete*, 204 F.3d at 1012 (internal citation omitted). "A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier." *Id.* (citing *Servants of Paraclete*, 204 F.3d at 1012).

### B.    Motions for Sentence Reduction

A district court may modify a sentence "only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Section 3582(c)(2) provides that authorization for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also* § 1B1.10(a)(1). Section 3582 "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon v. United States*, 560 U.S. 817, 826 (2010).

Sentence reductions fall "within the district court's discretion." *United States v. Osborn*, 679 F.3d 1193, 1196 (10th Cir. 2012) (quoting *United States v. Dorrough*, 84 F.3d 1309, 1311 (10th Cir. 1996)). However, the Sentencing Guidelines require that "any such reduction in the defendant's term of imprisonment shall be consistent with" the USSG policy statements. § 1B1.10(a)(1). Those policy statements require courts proceeding under § 3582(c)(2) to substitute the amended Guidelines range for the range applicable when the defendant was sentenced and to "leave all other guidelines application decisions unaffected." § 1B1.10(b)(1). "Under § 3582(c)(2),

3

a court may then grant a reduction within the amended Guidelines range if it determines that one is warranted 'after considering the [applicable] factors set forth in'" § 3553(a). *Dillon*, 560 U.S. at 822 (quoting § 3582(c)(2)). "Except in limited circumstances, however," a court may not reduce a sentence "to a term that is less than the minimum of the amended" Guidelines range. *Id.* (quoting § 1B1.10(b)(1)).

Under § 3553, courts must consider, as applicable, "the nature and circumstances of the offense and the history and characteristics of the defendant;" and whether the sentence imposed "reflect[s] the seriousness of the offense, . . . promote[s] respect for the law, and . . . provide[s] just punishment for the offense," "afford[s] adequate deterrence to criminal conduct," and "protect[s] the public from further crimes of the defendant . . . ." § 3553(a)(1), (2)(A)–(C). In addition, courts consider the sentencing range under the Guidelines and the Sentencing Guidelines' policy statements. § 3553(a)(4), (5). Finally, courts consider the "kinds of sentences available, . . . the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; . . . and the need to provide restitution to any victims of the offense." § 3553(a)(3), (6), (7). "[A]n ameliorative amendment to the Guidelines in no way creates a *right* to sentence reduction." *Osborn*, 679 F.3d at 1196.

## III.    Analysis

Muñoz argues that he received two status points under § 4A1.1(d) and is thus eligible for a reduction.[2] (*See* Doc. 628 at 2.) As the Court found in its previous Opinion, and as the Government explains in its response brief, Muñoz is a career offender and "his criminal history category is not based on the number of criminal history points he received." (*See* Doc. 630 at 3

---

[2] It appears Muñoz believes that the PSR calculated his criminal history category at V. (*See* Doc. 631 at 2.) As discussed above, the PSR calculated his criminal history category at VI based on his status as a career offender. (*See* Doc. 555-1 ¶ 92.) To the extent that Muñoz challenges enhancements calculated at sentencing (*see* Doc. 631), his argument is not properly before the Court.

(citing U.S.S.G. § 4A1.1(e); *see also* Doc. 626 at 4–5 (citing U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be a Category VI.")); Doc. 555-1 ¶ 92 (noting that Muñoz has 12 total criminal history points, "which establishes a criminal history category of V[,]" but because he "meets the criteria for career offender, . . . the criminal history category becomes VI").) "Thus, [Muñoz's] original criminal history category of VI does not change with the status point amendment, and [his] guideline range" remains unchanged.[3] (*See* Docs. 630 at 3; 626 at 5.) Muñoz has not established that his sentencing range was lowered pursuant to Amendment 821. Consequently, his motion to reconsider fails.

**IT IS THEREFORE ORDERED** that Muñoz's Motion for Sentence Reduction (Doc. 628) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE

---

[3] In its previous Opinion, the Court mistakenly stated that Muñoz's sentencing guideline range is 360 months to life. (*See* Doc. 626 at 2, 5 n.1.) The Court further noted that the United States averred in its response brief that Muñoz's sentencing guideline range was 324 to 405 months. (*See id.* at 5 n.1 (citing Doc. 623 at 4).) The Court has since determined that Muñoz's updated sentencing range as of the amended judgment entered November 14, 2016, is 292–365 months. (*See* Docs. 530; 561.) Amendment 821 does not affect that sentencing range.