IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                                          No. 2:09-cr-2968 RB

DANIEL RAMON MUÑOZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Defendant Daniel Ramon Muñoz's Motion for Compassionate Release. (Doc. 639.) Having reviewed the parties' arguments, the record, and the applicable law, the Court will **DENY** the motion.

**I. Background**

On August 30, 2010, Muñoz pleaded guilty to Counts 1 and 8 of the Third Superseding Indictment charging (1) that he conspired to possess with the intent to distribute 50 grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(A); and (2) that he knowingly attempted to escape from custody in violation of 18 U.S.C. § 751(a). (*See* Docs. 233 at 2, 4–5; 301.) The United States Probation Office (USPO) provided a presentence report and computed a total offense level of 37. (Doc. 555-1 ¶ 126.) Muñoz's base offense level was 34, but he received a two-level increase under U.S.S.G. § 2D1.1(b)(5) because the offense involved the importation of methamphetamine; a four-level increase under U.S.S.G. § 3B1.1(c) for aggravating role; and a three-level decrease under U.S.S.G. § 3E1.1 for acceptance of responsibility. (*Id.* ¶¶ 60–61, 64, 81.) Based on Muñoz's prior convictions, the USPO calculated a criminal history score of ten. (*Id.* ¶ 91.) Two additional points were added because he committed the "offense while under a criminal justice sentence" for a total criminal history score of 12, resulting in a criminal history category of

V. (*Id.* ¶ 92.) Because Muñoz met the career offender criteria, however, his criminal history category became VI, resulting in a guideline sentencing range of 360 months to life. (*Id.* ¶¶ 80, 92, 126.) On January 13, 2012, the Court sentenced Muñoz to 480 months of imprisonment. (Doc. 400.)

On November 14, 2016, the Court granted Muñoz's counseled Motion to Reduce Sentence pursuant to § 3582(c) and U.S.S.G. § 1B1.10, because Muñoz was "sentenced to a term of imprisonment based on a sentencing range that ha[d] subsequently been lowered by the Sentencing Commission . . . ." (*See* Docs. 530 at 2; 561.) Muñoz's total offense level was lowered by two levels from 37 (*see* Doc. 555-1 ¶ 126) to 35 (*see* Doc. 530 at 2), but his criminal history category remained at VI because he is a career offender (*see* Doc. 555-1 ¶ 92).[1] Thus, his guideline sentencing range became 292–365 months, and the Court sentenced him to 360 months. (*See* Doc. 561.)

Muñoz has filed numerous other motions to reduce his sentence, all of which have been unavailing. (*See* Docs. 439; 488 (motion to vacate under 28 U.S.C. § 2255 and order denying); 596; 602 (motion to reduce sentence under 18 U.S.C. § 3582(c) and First Step Act and order denying); 603; 610 (motion to reduce under § 3582(c) and order dismissing for failure to exhaust); 611; 616 (same); 621; 626 (motion to reduce under Amendment 821 and order denying); 628; 632 (motion to reconsider and order denying).) Muñoz moves now for compassionate release. (*See* Doc. 639.) The Government opposes the motion. (Doc. 630.)

II.   **Analysis**

Muñoz seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which

---

[1] Muñoz's attorney stated in the motion that he had a criminal history category of V. (*See* Doc. 530 at 2.) The attorney acknowledged, though, that this statement was based on a challenge to the finding that Muñoz is a career offender asserted in another motion filed under 28 U.S.C. § 2255 raising a *Johnson* claim. (*See id.* at 2 n.1; *see also* Doc. 531.) The Court later dismissed that motion to vacate. (*See* Doc. 585.) Muñoz remains a career offender.

permits a sentencing court to grant such a motion where "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . ." Section 603(b) of the First Step Act provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [he] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [his] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A). Muñoz filed such a request with the warden of Florence Admax USP, who denied his request on February 18, 2025. (*See* Doc. 639 at 1, 17.) Thus, the Government concedes that he has exhausted his administrative remedies. (*See* Doc. 648 at 6.)

The Sentencing Commission's policy statement on compassionate release lists six categories of extraordinary and compelling reasons that may support a sentence reduction: (1) medical circumstances; (2) old age; (3) family circumstances; (4) abuse; (5) other reasons; and (6) an unusually long sentence. *See* U.S.S.G. §§ 1B1.13(b)(1)–(6). Muñoz contends that extraordinary and compelling circumstances exist because: (1) his sentence is unusually long (Doc. 639 at 1, 3–6); (2) he has suffered violent attacks within the prison (*id.* at 2); and (3) he has serious medical issues for which he is not receiving appropriate healthcare (*id.* at 2–3). As explained below, the Court finds that Muñoz fails to meet his burden to show that a sentence reduction is appropriate. Moreover, the § 3553(a) factors weigh against a sentence reduction.

### A.    Muñoz's sentence is not unusually long.

Muñoz asks for compassionate release due to an unusually long sentence. (Doc. 639 at 1.) While the policy statement provides that an unusually long sentence may serve as the basis for a sentence reduction in some circumstances, the Court finds the section does not apply here. Section

1B1.13(b)(6) provides:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

Muñoz believes the following changes in the law entitle him to a sentence reduction. First, he argues that he is entitled to a sentence reduction under Amendment 821 on the basis that he is not a career offender. (*See* Doc. 639 at 4–7.) He is incorrect, and the out-of-circuit caselaw he cites in support is not binding on this Court. (*See id.* at 4.) Moreover, he conceded this point in a prior counseled brief. (*See* Docs. 578; 585 (noting that Muñoz disputed his classification as a career offender under *Johnson* but later acknowledged that the decision in *United States v. Maldonado-Palma*, 839 F.3d 1244 (10th Cir. 2016) foreclosed his claim); 626 at 2; 632 at 2 n.1.) Because Muñoz is a career offender, his guideline sentencing range remains unchanged under Amendment 821. (*See* Doc. 632 at 4–5 (explaining that "[a] career offender's criminal history category in every case under [U.S.S.G. § 4B1.1] shall be a Category VI[,]" which "does not change with the status point amendment" under 821) (citations omitted)); *see also* Doc. 626 at 4–5.) The same is true to the extent Muñoz believes a sentence reduction is warranted under Amendment 782. *See, e.g.*, *United States v. Gray*, 630 F. App'x 809, 812–13 (10th Cir. 2015) ("Although Amendment 782 retroactively reduces base-offense levels corresponding to the same weight of controlled substances listed in [U.S.S.G.] § 2D1.1, it has no effect on sentences . . . calculated by applying § 4B1.1, the career-offender guideline.") (citations omitted).

Next, Muñoz summarily argues that the enhancement he received under 21 U.S.C. § 851 for his prior drug conviction is akin to an unlawful "stacking" under the First Step Act. (*See* Doc.

4

639 at 7.) He references *United States v. Maumau*, 993 F.3d 821 (10th Cir. 2021), where the defendant was convicted in relevant part of using a gun during a crime of violence under 18 U.S.C. § 924(c). 993 F.3d at 824. At that time, "§ 924(c) included a 'stacking' provision that required a district court to impose consecutive sentences of [25] years' imprisonment for second or subsequent convictions of the statute, even if those convictions occurred at the same time as a defendant's first conviction under the statute." *See id.* The Tenth Circuit affirmed the court's decision to reduce the defendant's 55-year sentence because the First Step Act eliminated that stacking provision. *See id.* Here, Muñoz compares his sentencing enhancement under § 851 to the stacking provision and asserts that the enhancement essentially gave him a second sentence for his prior conviction. (*See* Doc. 639 at 7.) Muñoz does not develop this argument and offers no authority for his position, and the Court declines to grant a reduction on this basis. *See, e.g.*, *United States v. Cornelius*, 696 F.3d 1307, 1328 (10th Cir. 2012) (rejecting argument that a sentence, enhanced under §§ 841(b)(1)(A) and 851, was unlawfully disproportionate to the offense) (citing *United States v. Huskey*, 502 F.3d 1196, 1200 (10th Cir. 2007) (holding that a mandatory life sentence in light of prior-conviction sentence enhancement under 21 U.S.C. § 841(b)(1)(A) was not cruel and unusual punishment)).

Finally, Muñoz asks the Court to consider Amendment 829 as a basis to reduce his sentence. (*See* Doc. 639 at 12.) At the time of sentencing, U.S.S.G. § 5H1.1 allowed courts to consider a downward departure for defendants who were elderly or infirm. The guidelines were amended in 2024, and under Amendment 829, § 5H1.1 now provides that "[a] downward departure . . . may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses." Yet Amendment 829 is not retroactive. *See United States v. Jack*, No. CR 09-2626-WJ, 2025 WL 457952, at *2 (D.N.M. Feb. 11, 2025). The Court does not find that Muñoz's age at the

time of this offense or his prior offenses is an extraordinary or compelling reason that warrants a sentence reduction.

In sum, there has been no change in the law that would apply to Muñoz's sentence such that there is any disparity between the sentence he is serving and one that would be imposed today. Muñoz fails to demonstrate that his sentence is unusually long and the Court declines to grant a sentence reduction on this basis.

### B.   Compassionate release is not warranted due to attacks.

Muñoz briefly mentions physical attacks he has suffered while incarcerated. (*See* Doc. 639 at 2.) The policy statement provides that extraordinary and compelling reasons to reduce a sentence may exist where an inmate is a victim of physical abuse "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." U.S.S.G. § 1B1.13(b)(4)(B). There is no evidence that the attacks perpetrated on Muñoz meet this criteria, and he is not entitled to compassionate release on this basis.

### C.   Muñoz's medical issues do not constitute extraordinary and compelling circumstances.

Muñoz contends that his medical issues warrant a sentence reduction. Relevant here, medical circumstances may constitute extraordinary and compelling circumstances where:

> (B) The defendant is--
>    (i) suffering from a serious physical or medical condition,
>    (ii) suffering from a serious functional or cognitive impairment, or
>    (iii) experiencing deteriorating physical or mental health because of the aging process,
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant

6

is at risk of serious deterioration in health or death.

U.S.S.G. § 1B1.13(b)(1)(B)–(C).

Muñoz asserts that he is nearly blind because of a progressive eye disorder in his left eye and from being stabbed in his right eye during a 2014 attack. (*See* Doc. 639 at 2.) He alleges that he is "not receiving the proper medical examinations and care that is required and recommended by" his eye doctors. (*See id.*) But Muñoz does not point to any medical record to show that the BOP is not following a treatment plan (*see* Doc. 639), and the available BOP medical records "suggest [he has] 20/20 vision in his right eye with corrections" (*see* Doc. 648 at 7 (citing Doc. 648-1 at 19)).

Muñoz also alleges that he has Post-Traumatic Stress Disorder and was told "he suffers from symptoms of a paranoid schizophrenic." (*See id.* at 2–3.) Recent BOP mental health records, however, reveal that "[n]o acute mental health concerns have been reported or observed[,]" and it does not appear that mental health symptoms impact his daily functioning. (*See* Doc. 648-1 at 34 (Apr. 3, 2025 psychology services record).)

Muñoz fails to show that his medical conditions "substantially diminish[ his] ability . . . to provide self-care . . . and from which he . . . is not expected to recover." *See* U.S.S.G. § 1B1.13(b)(1)(B). Nor has he shown that his conditions "require[] long-term or specialized medical care that is not being provided and without which [he] is at risk of serious deterioration in health or death." *Id.* § 1B1.13(b)(1)(C). The Court finds that Muñoz fails to show an extraordinary and compelling reason for a sentence reduction due to his health issues.

### D.     The § 3553(a) factors weigh against a reduction.

Even if the Court had found extraordinary and compelling circumstances warranted a sentence reduction in this matter, the Court would deny Muñoz's motion after examining the

factors set forth in 18 U.S.C. § 3553(a). Section 1B1.13 directs courts to consider "the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable" and whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S. Sentencing Guidelines § 1B1.13 & (2). Section 3553 requires courts to "impose a sentence sufficient, but not greater than necessary," in consideration of the following factors:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed--
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . . ;
> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . ;
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

> Section 3142 requires courts to consider:
>
> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person, including--
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal,

> or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g).

The Government argues that Muñoz's "lengthy and violent criminal history demonstrates that he would pose a danger to the public if granted early release." (*See* Doc. 648 at 7.) The Court notes other criminal convictions from Muñoz's Presentence Report, including unlawful carrying of a deadly weapon (1999), possession of a firearm (2000), possession of a controlled substance (2002), aggravated assault (2003), and drug trafficking (2003). (*See* Doc. 555-1 ¶¶ 84–90.) The PSR also reveals that Muñoz was "a high ranking member or 'shot caller'" of the Sureño/Tortilla Flats street gang. (*Id.* ¶ 19.) The drug possession and attempted escape charges underlying Muñoz's sentence here, coupled with his serious criminal history and gang involvement, weigh against a sentence reduction. The Court alternatively denies the motion for a sentence reduction on the merits upon weighing the § 3553(a) factors.

**IT IS THEREFORE ORDERED** that Muñoz's Motion for Compassionate Release (Doc. 639) is **DENIED.**

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE